UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT VAN NAME, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-4 |
| | § | |
| EVELYN CASTRO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's § 1983 complaint. D.E. 1. On March 6, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Plaintiff's action be dismissed. D.E. 13. Plaintiff filed his objections on March 27, 2014. D.E. 15. In his objections, Plaintiff reurges many of the arguments in his complaint. Plaintiff's objections are set out and discussed below.

First, Plaintiff complains that his Eighth Amendment right to be free from cruel and unusual punishment was violated because he was assaulted by another prisoner and charges were not filed. D.E. 15, p. 2, 3. Plaintiff reasons that the assault and certain prison officials' subsequent refusal to file charges amounts to a violation of his constitutional rights because "[i]f Plaintiff was not in prison and was assaulted by another person charges would be filed and the D.A.['s] office would be pressing the charges." D.E. 15, p. 2. Plaintiff urges that he "was denied the right to have charges [brought] against Offender Reed . . . because Defendants were trying to cover up for their

1 / 6

negligence and lack of professionalism"—specifically that the prison was inadequately staffed and the officer on duty was away from her post at the time of the alleged attack. D.E. 15, p. 2.

The Magistrate Judge correctly determined that Plaintiff's claim must fail because a prisoner has no federally protected liberty interest in having his prison grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Accordingly, Plaintiff's complaint that charges were not brought against Offender Reed, despite Plaintiff's numerous requests and grievances, fails to state a cognizable constitutional claim.

To the extent that Plaintiff maintains a conspiracy allegation, that claim must also fail. To support a claim for conspiracy, Plaintiff must show that Defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990). In addition, the Fifth Circuit has held that under § 1983, a conspiracy claim requires "an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). As discussed above, an allegation that prison officials did not investigate a claim and respond in Plaintiff's favor does not establish a constitutional deprivation because a prisoner has no federally protected liberty interest in having his prison grievances investigated or answered to his satisfaction. Further, Plaintiff has not alleged that the Defendants had any agreement to commit an illegal act that caused him injury. Plaintiff's first objection is **OVERRULED.**

Second, Plaintiff argues that prison officials have retaliated against him by repeatedly housing him with violent offenders, and he reurges his request for a temporary restraining order on that basis.  D.E. 15, p. 3.  To state a valid claim for retaliation under § 1983, a plaintiff must allege:  (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  Plaintiff's claim for retaliation fails because he has not alleged or pleaded facts sufficient to infer that the adverse action he complains of—being repeatedly housed with violent offenders—was in response to Plaintiff's exercise of a specific constitutional right.

A party seeking a temporary restraining order or preliminary injunction must establish:  (1) a substantial likelihood of success on the merits; (2) a substantial threat that irreparable harm exists; (3) the threatened injury to the movant outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest.  *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).  A temporary restraining order is not justified here because Plaintiff has failed to meet the first requirement for its issuance.  That is, Plaintiff has not established a likelihood of success on the merits given that none of his complaints state a cognizable constitutional claim.  Because Plaintiff has not met the requirements to state a claim for retaliation or to merit granting a temporary restraining order, Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff restates his complaint that prison officials either misplaced or stole his personal property.  D.E. 15, p. 3, 5.  The Fourteenth Amendment of the Constitution

provides that no State shall "deprive any person of life, liberty, or property without due process of law." However, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Id.* An allegation of a negligent deprivation of property does not amount to a claim for a violation of a constitutionally protected right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Texas law provides a postdeprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) ("In Texas . . . the tort of conversion fulfills [the postdeprivation remedy] requirement."); *See also*, TEX. GOV'T CODE § 501.007 (permitting a recovery of up to $500.00 for an inmate's lost or damaged property). A prisoner-plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383, n. 3 (5th Cir. 1983).

Because Texas law provides a postdeprivation remedy, the property loss Plaintiff complains of does not constitute a violation of the procedural requirements of the Fourteenth Amendment's Due Process Clause. Furthermore, because Plaintiff has not argued or provided evidence to show that he has filed suit in state court to recover damages for his lost property, he is precluded from bringing suit in federal court to

recover for the loss.  Accordingly, Plaintiff fails to state a cognizable constitutional claim for property loss, and his third objection is **OVERRULED**.

Fourth, Plaintiff reasserts his claim that his due process rights were violated by Captain Benavidez and Major Castro because they refused to consider the statements of other inmates and Lieutenant Gonzales's belief in Plaintiff's version of events when they assigned Plaintiff a major disciplinary case.  D.E. 15, p. 4.  As the Magistrate Judge noted, a prisoner has no constitutional right to a favorable disciplinary decision.  Because Plaintiff has not stated a cognizable constitutional claim, his fourth objection is **OVERRULED**.

Fifth, Plaintiff objects to the Magistrate Judge's conclusion that he failed to state an Eighth Amendment claim for denial of medical care.  Plaintiff argues that he did not refuse medical care.  D.E. 15, p. 5.   "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1970).  Deliberate indifference "require[es] a showing that the official was subjectively aware of the risk."  *Id*. at 829.  Plaintiff has not alleged or pleaded facts sufficient to suggest that Officer Vasquez was subjectively aware of any substantial risk of serious harm to Plaintiff, and therefore, he cannot support his claim under the Eighth Amendment.

Moreover, Plaintiff's statement that he did not refuse medical care is refuted by his own pleadings.  In his complaint, Plaintiff states:  "I was to go to Medical but Officer Vasquez would not take me because I wanted to take my jacket off because it was cooled she said I was being a baby so I did not get the x-rays to my arm, neck and hand that I

5 / 6

needed." D.E. 1, p. 10.  The facts before the Court indicate that it was Plaintiff's refusal to cooperate with Officer Vasquez when she refused his demands—not any deliberate indifference on behalf of the officer—that led to Plaintiff not being taken to the medical unit.  Plaintiff's fifth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Plaintiff's complaint (D.E. 1) is **DISMISSED** and his request for the appointment of counsel is **DENIED** as moot.

ORDERED this 22nd day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE